IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Application For Extraordinary Appeal Filed July 18, 2001

# BARBARA LEMONE KORTHOFF v. HERBERT WILLIAM KORTHOFF, ET AL.

**Appeal from the Circuit Court for Shelby County**
**No. CT-002632-00     Kay S. Robilio, Judge**

_____

**No. W2001-01712-COA-R10-CV - Filed September 24, 2001**

_____

In this pending divorce action, the trial court ordered Husband to transfer $300,000.00 to Wife as a partial distribution of the marital estate.  Husband filed an application for extraordinary appeal pursuant to Rule 10 Tenn. R. App. P. which this Court granted.  Husband contends that the trial court is without authority to make a partial distribution of marital funds during the pendency of the divorce action.  Furthermore, if the court had such authority, it could not do so absent an evidentiary hearing to determine whether the property was marital or separate.  The application was granted and the order of the trial court reversed.


**Tenn. R. App. P. 10 Extraordinary Appeal by Permission; Judgment of the Circuit Court Vacated; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., joined.

Kay F. Turner and David Wade, Memphis, Tennessee, for the appellant, Herbert W. Korthoff.

Larry Rice, Memphis, Tennessee, for the appellee, Barbara Lemone Korthoff.

## OPINION

        Herbert William Korthoff filed an application for extraordinary appeal by permission pursuant to Rule 10 Tenn. R. App. P.  This Court granted the application.

        This is a divorce case concerning the marriage of Barbara Lemone Korthoff (Wife) and Herbert William Korthoff (Husband) pending in the Circuit Court of Shelby County.  The trial court entered an order on July 3, 2001, entitled "Order On Revised Motion For Partial Distribution Of The Marital Estate" and ordered the following:

1. Husband, Herbert Korthoff, shall transfer Three Hundred Thousand Dollars ($300,000.00) to Wife, Barbara Korthoff, for her use and benefit, litigation expenses and other expenses within her discretion.

2. The transfer of Three Hundred Thousand Dollars ($300,000.00) to Wife shall occur within ten (10) days of the Court's ruling.

3. This partial distribution of funds will be considered when the parties and/or the Court ultimately resolve the issue of identification, valuation and division of marital property.

By order of July 18, 2001, this Court granted the Defendant's order to stay the trial court's order concerning partial distribution of marital property pending further orders of this Court and conditioned upon Husband's making a sufficient surety bond in the amount of $300,000 by the close of business on July 20, 2001, or in lieu thereof, deposit cash or certified funds with the clerk of the circuit court in the amount of $300,000 by July 23, 2001. The order further provided that, in the event that cash is deposited with the clerk, the clerk is instructed to deposit same in a federally insured institution drawing the highest rate of interest available. On July 27, 2001, Plaintiff moved this Court to vacate the stay. By order of August 2, 2001, this Court denied the motion. It is Husband's position that the trial court lacks authority to make an interim distribution of marital property, that no evidence was presented to the trial court and that there is a dispute between the parties as to what constitutes marital property and what constitutes separate property.

It is stated in the application that, without court order, Husband is supporting his Wife and three minor children "on the scale of approximately $20,000 a month." Wife states in her response to the application that Husband is paying temporary support for her and the minor children of $5,000 per month in addition to which he pays for certain household expenses. It is undisputed that Husband has moved to South Africa and that he has transferred several million dollars of assets.

Husband argues that the sole authority relied upon by Wife to obtain a premature distribution of property is section 36-4-121 of the Tennessee Code. They point out that subdivision (a)(1) provides that, prior to making a determination as to whether to order support and maintenance, the court shall equally divide the marital property. He argues that there is no statutory or case authority in this jurisdiction that permits a court to make interim awards dividing marital property. He further points out that the trial court conducted no evidentiary hearing to determine whether the property from which the partial distribution was made constituted marital property as defined in section 36-4-121(b)(1)(A) or separate property as defined in section 36-4-121(b)(2). This section of the code also sets forth the relevant factors which a court shall consider in making an equitable distribution of marital property, all of which are factually driven. The application states that it is a major contention of Husband in this case that the money used by him in his business arose from assets owned by him prior to the marriage. He argues that the trial court cannot simply assume that the property is marital absent an evidentiary hearing.

-2-

In Wife's response she concedes that the relief sought in the trial court was for a partial distribution of the marital estate. She contends that Husband transferred over $27 million dollars out of this country, and as a result he is the only family member able to maintain the same standard of living which the family enjoyed prior to the initiation of divorce proceedings. She notes that Husband is paying $5,000 per month as temporary support for her and the couple's three minor children. In addition, he pays for certain household expenses but she must request reimbursement for other household and living expenses. She further notes that Mr. Korthoff has been ordered to maintain an account in the United States with a balance not to fall below $100,000. From this account, the approved living expenses of Ms. Korthoff and the children are paid at Mr. Korthoff's instruction. However, she does not have the ability to write checks on this account. She contends that Husband's application does not meet the criteria of Rule 10 in that the trial court did not so far depart "from the excepted and usual course of judicial proceedings as to require immediate review." Rule 10(a) Tenn. R. App. P.

We have not been cited to, nor have we found, any authority for a trial court to order a partial distribution of marital property prior to a final adjudication. A needy spouse may request relief of alimony and child support *pendente lite* and, as we interpret her response, that has been done in this case. *See* Tenn. Code Ann. § 36-5-101 (Supp. 2000). Section 36-4-121 of the Tenn. Code Ann. provides that the trial court, upon request of either party, may equitably distribute the marital property prior to any determination as to support. The statute then defines both marital and separate property and provides that, in making an equitable division of marital property, one of the factors the court shall consider is the value of the separate property of each party. The concept of "marital property" exists in Tennessee only in divorce proceedings. The statute provides that "property shall be considered marital property as defined by this subsection for the sole purpose of dividing assets upon divorce or legal separation and for no other purpose." Tenn. Code Ann. § 36-4-121(b)(1)(D) (Supp. 2000). *Also see Spence v. Allstate Ins. Co.*, 883 S.W.2d 586, 593 (Tenn. 1994).

It is apparent from the record before us that the trial court did not conduct an evidentiary hearing to determine whether the property was marital or separate. However, we know of no authority that allows a trial court to make a partial distribution of marital property prior to conducting an evidentiary hearing to determine all the issues presented in a divorce action and entering a final decree. As we have noted, the trial court can make an award of alimony and support *pendente lite*. As pointed out by Husband, it is his contention that the money used by him in his businesses arose from assets owned by him prior to his marriage and thus constitutes separate property.

The plain wording of the trial court's order indicates that it is a partial distribution of marital property and states that "the Revised Motion for Partial Distribution of the Marital Estate is granted." While the order does state that Ms. Korthoff may use the money for her "use and benefit, litigation expenses and other expenses within her discretion," it finally recites that "this partial distribution of funds will be considered when the parties and/or the court ultimately resolve the issue of identification, valuation and division of marital property." The trial court's order of July 3, 2001, is vacated.

The application further seeks relief from this Court in reversing an order of the trial court which refused to set aside the trial court's order of May 18, 2001, which states in pertinent part that Mr. Korthoff shall submit to a deposition by Plaintiff's counsel on May 21, 2001. It is not disputed that the deposition did not take place. Apparently it is the concern of Mr. Korthoff and his attorneys that sanctions may be imposed. However, there is no indication in the record before us that sanctions have been either imposed or sought. It appears to this Court that, until such time as sanctions might be imposed, this issue is premature and an adjudication by this Court would be in the nature of an advisory opinion.

This cause is remanded to the trial court for further proceedings consistent with this opinion. Costs of this appeal are, within this Court's discretion, taxed to Herbert William Korthoff.

_____
DAVID R. FARMER, JUDGE